FILED
APR 1 3 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES CRAWFORD, ) | |
| ) | |
| Petitioner, ) | Case: 1:15-cv-00558 (G Deck) |
| ) | Assigned To : Unassigned |
| v. ) | Assign. Date : 4/13/2015 |
| ) | Description: Habeas Corpus/2241 |
| CHARLES LOCKETT, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## MEMORANDUM OPINION

This matter is before the Court on petitioner's application to proceed *in forma pauperis* and his *pro se* petition for a writ of habeas corpus. Petitioner states that he has served more than 27 years in prison after having been convicted in and sentenced by the Superior Court of the District of Columbia. *See* Pet. at 1 (page number designated by the Court); *see also Crawford v. United States*, 628 A.2d 1002 (D.C. 1993) (affirming trial court's denial of second motion to reduce aggregate sentence of 51 years and eight months to 155 years). According to petitioner, he is unlawfully detained because of errors that occurred during the criminal proceedings. *See* Pet. at 1. As petitioner well knows, *see Crawford v. Drew*, No. 09-2447, 2009 WL 5173506 (D.D.C. Dec. 30, 2009); *see also Crawford v. Drew*, No. 11-0316, 2011 WL 537864 (D.D.C. Feb. 8, 2011), a collateral challenge to his sentence must be brought in the Superior Court by motion under D.C. Code § 23-110.

"Under D.C. Code § 23-110, a prisoner may seek to vacate, set aside, or correct sentence on any of four grounds: (1) the sentence is unconstitutional or illegal; (2) the Superior Court did

not have jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is subject to collateral attack." *Alston v. United States*, 590 A.2d 511, 513 (D.C. 1991). Such a motion "shall not be entertained . . . by any Federal . . . court if it appears that the [prisoner] has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) ("Section 23-110(g)'s plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23-110(a)."). Petitioner asserts that "it make no difference if [he] file[s] a million and three 23-110 motions [he] will get no justice." Pet. at 1. This assertion alone does not demonstrate that his remedy under § 23-110 is inadequate or ineffective.

Petitioner has no recourse in this federal district court, and, therefore, the Court will deny the petition and dismiss this action. An Order accompanies this Memorandum Opinion.

DATE: 4\10\15

_____
United States District Judge